# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| EDWARD B. COURTNEY,<br><br>    Petitioner,<br><br>v.<br><br>JOHN SUTTON, Warden,<br><br>    Respondent. | No. CV 16-8671-PA (PLA)<br><br>**ORDER DISMISSING PETITION** |

On November 21, 2016, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 ("Petition"), in which he challenges his 2004 conviction in the Los Angeles County Superior Court. (Pet. at 2).

On December 1, 2016, the Magistrate Judge issued an Order to Show Cause Re: Dismissal of Habeas Petition as Barred by the Expiration of the Statute of Limitations ("OSC"). On January 6, 2017, petitioner filed a Response to Order to Show Cause ("Response"). For the reasons explained below, the Court concludes that the Petition is time barred.

/
/
/

# I.

# **PROCEDURAL HISTORY**

On March 1, 2004, in the Los Angeles County Superior Court, petitioner pleaded guilty to attempted murder (Cal. Penal Code §§ 187(a), 664), with an enhancement for personal use of a firearm (Cal. Penal Code § 12022.53(b)). (Pet. at 2). On March 17, 2004, petitioner was sentenced to seventeen years to life in state prison. (Id.). He did not file an appeal. (Id.).

Approximately twelve years later, petitioner pursued habeas relief in the California courts. On June 24, 2016, the Los Angeles County Superior Court denied habeas relief. (Petition at 3-4). On August 8, 2016, petitioner filed a petition in the California Court of Appeal, which was denied on August 23, 2016, on the grounds that the petition was procedurally barred due to petitioner's failure to justify the 12-year delay in seeking relief and because petitioner failed to demonstrate entitlement to relief. (Petition at 4; California Courts Appellate Courts Case Information at http://appellatecases.courtinfo.ca.gov). Petitioner subsequently filed a petition for review in the California Supreme Court, which was denied on October 12, 2016. (Petition at 4-5; California Courts Appellate Courts Case Information at http://appellatecases.courtinfo.ca.gov).

On November 21, 2016, petitioner filed the instant Petition in which he challenges his sentence enhancement (Cal. Penal Code § 12022.53(b)) as unconstitutional. (Petition at 5-6).

# II.

# **DISCUSSION**

The Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations, as set forth under 28 U.S.C. § 2244(d). See Calderon v. U.S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[1]

Section 2244(d)(1) provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

---

[1] Beeler was overruled on other grounds in Calderon v. U.S. Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Here, Section 2244(d)(1)(A) applies. The record shows that after petitioner entered his guilty plea, he was sentenced on March 17, 2004. He did not file an appeal. For AEDPA purposes, the process of direct review of petitioner's conviction became final sixty days later, when the time for filing an appeal expired. See Cal. Penal Code § 1237.5; Cal. R. Ct. 8.308(a). Because the sixty-day deadline fell on Sunday, May 16, 2004, the deadline was extended to Monday, May 17, 2004. See Cal. Code Civ. Proc. §§ 12, 12a, 12b; see also Fed.R.Civ.P. 6(a). Thus, the one-year limitations period for seeking federal habeas relief expired one year later, on May 17, 2005. See 28 U.S.C. § 2244(d). Given that the instant Petition was not filed until November 21, 2016, the Petition is time barred absent sufficient statutory and/or equitable tolling.

    **A.    Statutory Tolling**

The running of the AEDPA is "statutorily tolled" while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This provision tolls the statute for the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.

Here, petitioner did not file any collateral challenges in state court prior to the expiration of the statute of limitations on May 17, 2005. Rather, all of petitioner's state petitions were filed during 2016, long after the AEDPA one-year period ended. Accordingly, none of petitioner's state

habeas filings serves to toll, or reinitiate, the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (state habeas petition filed after the statute of limitations ended "resulted in an absolute time bar").

### B. Equitable Tolling

The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 645, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). In order to qualify, a petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) that an "extraordinary circumstance" stood in his way that prevented him from timely filing. Id. at 649 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). The "extraordinary circumstance" requirement "suggests that an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)) (internal quotation marks omitted). "The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (internal quotations, brackets, and citations omitted).

Equitable tolling determinations are "highly fact-dependent." Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (per curiam). A litigant bears a heavy burden to establish that equitable tolling applies, as "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

Petitioner in his Response to the OSC asserts that the Court does not have the authority "to act on behalf of respondent to move for dismissal" based on the statute of limitations.

(Response at 3). Petitioner further asserts that habeas relief is warranted because he received an unauthorized sentence that violates the Eighth Amendment.[2] (Response at 5).

Petitioner has failed to demonstrate that his Petition was timely filed. Contrary to petitioner's assertion, a "district court has the authority to raise the statute of limitations *sua sponte* and to dismiss the petition on those grounds," so long as that authority is exercised "after the court provides the petitioner with adequate notice and an opportunity to respond." Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001). Here, on December 1, 2016, the Magistrate Judge issued an Order to Show Cause which clearly identified the statute of limitations issue and allowed petitioner the opportunity to respond. Under these circumstances, it is within the Court's authority to dismiss the Petition as untimely. Moreover, petitioner has not set forth any allegations in his Petition or Response showing that an "extraordinary circumstance" stood in his way, and that he has pursued his rights diligently.[3] Accordingly, no equitable tolling is warranted.

For the reasons set forth above, the Court concludes that the Petition is barred by the statute of limitations.

## III.
## **CERTIFICATE OF APPEALABILITY**

Under Rule 11(a) of the Rules Governing § 2254 Cases, a court must grant or deny a certificate of appealability ("COA") when it denies a state habeas petition. See also 28 U.S.C. § 2253(c).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a COA. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A COA may issue "only if . . . [there is] a substantial showing of the denial of a constitutional right." 28 U.S.C. §

---

[2] The Court notes that, in support of his allegations, petitioner references 28 U.S.C. § 2255, which allows a prisoner in *federal* custody to file a motion to set aside or correct his or her sentence. However, as a state prisoner, petitioner seeks habeas relief pursuant to 28 U.S.C. § 2254.

[3] The diligence factor is particularly important given that the Petition was filed over eleven years after the statute of limitations expired.

2253(c)(2). A "substantial showing . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (citation omitted); see also Sassounian v. Roe, 230 F.3d 1097, 1101 (9th Cir. 2000). In particular, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when . . . jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The Court concludes that, for the reasons set out supra, jurists of reason would not find the Court's determination that the Petition is untimely to be debatable or wrong. Accordingly, a certificate of appealability is **denied**. Petitioner is advised that he may not appeal the denial of a COA, but he may ask the Ninth Circuit Court of Appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

## IV.
## ORDER

IT IS THEREFORE ORDERED that the Petition is **dismissed with prejudice** as untimely. A certificate of appealability is also **denied**.

DATED: January 11, 2017

HONORABLE PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

6